IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS VARGAS RODRIGUEZ                                                     PLAINTIFF

v.                                       CIVIL NO. 20-cv-5208

KILOLO KIJAKAZI,[1] Acting Commissioner                                     DEFENDANT
Social Security Administration

### AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Carlos Vargas Rodriguez, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on December 28, 2017, alleging an inability to work since November 13, 2017, due to diabetes and surgery due to a heart attack (Tr. 15, 287). An administrative hearing was held on August 12, 2019, at which Plaintiff

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

appeared with counsel and testified with the assistance of an interpreter. (Tr. 15, 30–67). A vocational expert (VE) also testified.

On February 27, 2020, the ALJ issued an unfavorable decision. (Tr. 9-24). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: atherosclerotic cardiovascular disease status post-myocardial infarction and coronary artery bypass graft (CABG); early degenerative disc disease of the lumbar spine; obesity; diabetes mellitus; and hypertension. (Tr. 18-19). The ALJ found Plaintiff had non-severe but medically determinable impairments of plantar fasciitis, depression, and anxiety. However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to Subpart P of 404, Regulation No. 4. (Tr. 19-20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). (Tr. 20-23).

With the help of a VE, the ALJ determined that Plaintiff could perform any of his past relevant work as an Over the Road Truck Driver and as a Tank Truck Driver. (Tr. 23-24). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from November 13, 2017, through the date of his decision. (Tr. 24). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on October 16, 2020. (Tr. 1–8). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs (ECF Nos. 19, 22, 29). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**I.    Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.     Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred by failing to order a mental health consultative exam, resulting in an underdeveloped record; 2) whether the ALJ erred in failing to consider Plaintiff's mental limitations in the RFC analysis; 3) whether the ALJ erred in his evaluation of the medical opinion evidence; and 4) whether the decision in this case was constitutionally defective. (ECF Nos. 19, 29).

After review, of particular concern to the undersigned is the ALJ's failure to include any mental limitations in the RFC, discuss the impact of any mental impairments on Plaintiff's RFC, or order further testing to clarify the impact of Plaintiff's mental impairments on his RFC. The Court finds remand is necessary to allow the ALJ to clarify his RFC findings and procure further evidence from a VE regarding whether there are any jobs Plaintiff would be able to perform.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment; failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ considered Plaintiff's mental impairments at step two, but imposed no mental restrictions in the RFC and did not consider his mental impairments in the RFC assessment. (Tr. 12–20). The record contains no consultative mental examination, despite Plaintiff's request for a mental health consultative examination at the hearing and in his response to proffered additional evidence. (Tr. 65, 365). While the ALJ did consider opinion evidence from non-examining physicians Dr. Denise Greenwood and Dr. Jerry Thomas, these opinions were issued on May 24, 2018, and October 8, 2018, respectively. (Tr. 90, 112). Plaintiff's referral for memory assessment did not become an issue until January of 2019, which means this issue would not have been brought to the attention of either Dr. Greenwood or Dr. Thomas. (Tr. 969-70).

Plaintiff testified as to difficulties with forgetfulness, including getting lost while driving, and anxiety particularly when leaving the house. (Tr. 44-47). Medical records show symptoms of anxiety that remained severe even after beginning treatment with talk therapy and medication — including scratching himself hard enough to leave marks. (Tr. 934, 946, 950-51, 953, 957, 959-60, 962-63, 965, 969-70, 967). Plaintiff was also referred for memory testing, which was never

completed due to insurance and financial constraints. (Tr. 962, 969-70). Obviously, this is concerning where the ALJ found Plaintiff could return to the demands of commercial truck driving.

The ALJ found that Plaintiff's medically determinable mental impairments caused no more than mild limitations and were nonsevere. (Tr. 18-19). The ALJ considered Plaintiff's RFC, and found he could perform the full range of medium work. (Tr. 20-23). Despite indications in the medical record that the extent of Plaintiff's memory and concentration impairments required further testing, the ALJ did not order any consultative examination regarding Plaintiff's mental work capacity. *Id*. Additionally, the ALJ did not consider Plaintiff's subjective complaints of mental impairment or the findings of Plaintiff's treating mental health providers in his residual functional capacity assessment. *Id*. The ALJ erred in failing to properly develop the record regarding Plaintiff's mental impairments and in failing to consider the impact of Plaintiff's mental impairments on his RFC. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's mental impairments. The ALJ is directed to address interrogatories to a qualified mental health expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then

re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III.  Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of February 2022

*/s/ Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE