IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS VARGAS RODRIGUEZ                                                              PLAINTIFF

vs.                                              Civil No. 5:20-cv-5208

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Carlos Vargas Rodriguez, appealed the Commissioner's denial of benefits to this Court. On February 28, 2022, United States District Judge Timothy L. Brooks remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 33, 34).

**1.    Background**

On May 27, 2022, Plaintiff filed a motion seeking an award of $8,596.80 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 35). Defendant responded on June 2, 2022 (ECF No. 37), offering no objection to the Motion.

**2.    Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.")  An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." . . .  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* U.S.C. § 2412(d)(2)(A).  A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id*.  A court may determine that

there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).  Pursuant to General Order 39[2], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3.      Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 18).  Defendant has not contested Plaintiff's claim that he is the prevailing party.  The Court construes Defendant's pleadings herein as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff requests attorney's fees in the amount of $8,596.80.  This request includes 4.8 hours of attorney work completed during 2020 at the rate of $203; 33.4 hours of attorney work completed during 2021 at $206 per hour; 3.1 hours of attorney work completed during 2022 at the rate of $220 per hour (counsel requested $220 rather than the authorized rate of $221); and .8 of an hour of paralegal work at the hourly rate of $75.  Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate.  *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504.  Here, the Court finds the CPI-South Index authorized a 2020 hourly rate of $203, a 2021 hourly rate of $206 and a 2022 rate of $221; however, the Court's long-standing practice has been to award the hourly rate requested by counsel where

---

[2] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203.
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.
2022 – 269.263 x 125 divided by 152.4 (March 1996 CPI – South) = $220.85/hour ~ $221.

3

the requested rate is less than the authorized rate. The hourly rate of $75 for paralegal work is the rate currently authorized in the Western District of Arkansas.

Despite Defendant's lack of objection, the Court has completed its independent review of counsel's itemized statement. Here, the Court is concerned with the amount of fees requested; the Motion seeks approximately $2,800 (or 47%) more than the common fee request (~ $5,800) for this type of case. The amount claimed prompted the Court to review the parties' briefing and the transcript length. While noting this case has been ongoing for several years and Plaintiff speaks Spanish, the transcript was only 1,049 pages and far too much of the briefing (including Plaintiff's Reply) addressed a separations of power argument regarding the appointments clause. The Court permitted additional briefing for both parties, having been advised by Plaintiff "of the significance and importance of the issues in this case." (ECF Nos. 17, 27). While this matter is both "significant" and "important" to Plaintiff, counsel's winning arguments were not complex, novel or constitutionally premised. Thus, unsurprisingly, the Court's remand was not based upon any of Plaintiff's lengthy separation of power arguments but rather, on the ALJ's failure to discuss the impact of any mental impairments on Plaintiff's RFC and failure to order further testing to clarify the impacts of Plaintiff's mental impairments on his RFC. (ECF Nos. 32-34).

Although itemized, the Court cannot fairly determine from Plaintiff's submission how many hours were expended by counsel on preparation of the unsuccessful constitutional arguments. Mindful that unnecessary briefing should not be encouraged with an award of fees, the Court – on this occasion – recommends a modest reduction, reducing fees by only $1,442 (7 hours at $206 during 2021 when briefing occurred) but cautions that work expended accomplishing remand is the type compensable under the EAJA. Based on the foregoing, the undersigned finds Plaintiff should be awarded attorney's fees for work performed by her counsel during 2020-2022

at the respective rates of $203 (4.8 hours), $206 per hour (26.4 hours, deduced from 33.4), $220 per hour (3.1 hours) for legal work completed in 2020-2022 as well as .8 hours at the paralegal rate of $75 per hour for a total of $7,154.80.  The Court notes that even with these reductions, Plaintiff's fee award still exceeds the average award of fees for these cases.

**The Court hereby recommends that Plaintiff's Motion for Attorney's Fees be GRANTED, and Plaintiff awarded fees in the total reduced amount of $7,154.80, which amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.**  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant.  However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of June 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE