IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CARLOS VARGAS RODRIGUEZ**                                                    **PLAINTIFF**

**V.**                                        **CASE NO. 5:20-CV-5208**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                              **DEFENDANT**

### OPINION AND ORDER

On December 8, 2020, Plaintiff Carlos Vargas Rodriguez appealed the denial of his application for Social Security disability benefits to this Court. (Doc. 2). The Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas, recommended the Commissioner's decision be reversed and the case be remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *See* Doc. 32. The Court adopted the Magistrate Judge's Report and Recommendation ("R&R") in its entirety. *See* Doc. 33. Plaintiff then filed a Motion (Doc. 35) requesting $8,596.80 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). The Magistrate Judge recommended the Court grant Plaintiff's motion—but in an amount less than Plaintiff requested. *See* Doc. 38. Plaintiff objected to the suggested reduction. *See* Doc. 39.

Under the EAJA, the Court must award attorney's fees to the prevailing party in a social security action unless the Commissioner's position in denying benefits was substantially justified. Here, the Court remanded Plaintiff's case to the Social Security Administration. The Government concedes that Plaintiff is the prevailing party in this

1

action and is therefore entitled to attorney's fees under the EAJA. *See* Doc. 37. The Court agrees.

The EAJA also requires the Court to ensure that the amount awarded is reasonable. *See* 28 U.S.C. § 2412(b). While the party seeking attorney's fees bears the burden of proving the claimed fees are reasonable, the Court ultimately wields considerable discretion, and may reduce the requested fee award to exclude those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434–37 (1983); *see also* 28 U.S.C. § 2412(d)(1)(C). There is "no precise rule or formula" for making a reduction determination. *Hensley*, 461 U.S. at 436. Rather, the Court must make an "equitable judgment." *Id*. at 437.

Here, Plaintiff requests $8,596.80 in attorney's fees, which consists of 4.8 hours of attorney work in 2020 at a rate of $203 per hour; 33.4 hours of attorney work in 2021 at a rate of $206 per hour; 3.1 hours of attorney work in 2022 at rate of $220 per hour; and 0.8 hours of paralegal work at a rate of $75 per hour. (Doc. 35-2). The Magistrate Judge determined a "modest reduction" was appropriate due to "unnecessary briefing" by Plaintiff's counsel. (Doc. 37, p. 4). She concluded that "far too much" time was spent briefing Plaintiff's "unsuccessful" constitutional argument regarding separation of powers and the Appointments Clause. Plaintiff's Appeal Brief (Doc. 17) dedicated 2.5 pages to the argument, and his Reply (Doc. 29) dedicated over 18 pages. The Magistrate Judge explained that Plaintiff's "*winning* arguments were not complex, novel, or constitutionally premised," and the recommendation to remand "was not based upon any of Plaintiff's lengthy separation of power arguments." *Id.* (emphasis added). Accordingly, the

2

Magistrate Judge recommended a 7-hour reduction in the attorney hours claimed in 2021, which would reduce the total award by $1,442. (Doc. 38, pp. 4–5).

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the record. The Court largely agrees with the Magistrate Judge. This case did not raise complex or novel issues, and Plaintiff's counsel, having litigated several social security cases before this Court, should be familiar with the applicable law. Furthermore, the Magistrate Judge did not need to reach the separation of powers issue to find Plaintiff's argument unsuccessful. *See Haw. Longline Ass'n v. Nat'l Marine Fisheries Serv.*, 2004 WL 2239483, at *6 (D.D.C. Sept. 27, 2004) (holding that plaintiff was entitled to attorney's fees for the issues on which plaintiff prevailed but not those "left unresolved" by the trial court).

Moreover, the separation of powers argument has little merit substantively. This Court has yet to identify a single case in which a court set aside an unfavorable disability benefits decision based on the statutory restriction on removal of a Social Security Commissioner. Instead, Plaintiff's position has been roundly rejected. *See, e.g., Gerald L. v. Kijakazi*, 2022 WL 4472749, at *4 (D. Minn. July 26, 2022), *report and recommendation adopted*, 2022 WL 4465958 (D. Minn. Sept. 26, 2022); *Blake v. Kijakazi*, 2022 WL 4374976, at *14 (N.D. W. Va. Jan. 14, 2022), *report and recommendation adopted*, 2022 WL 4369976 (N.D. W. Va. Sept. 21, 2022); *Minola C. v. Kijakazi*, 2022 WL 16709169, at *6 (N.D. Ga. Sept. 2, 2022); *Jean P. v. Kijakazi*, 2022 WL 1505797, at *15 (D. Neb. May 12, 2022); *Ramos v. Comm'r of Soc. Sec.*, 2022 WL 105108, at *3 (E.D. Cal. Jan. 11, 2022); *Alice T. v. Kijakazi*, 2021 WL 5302141, at *19 (D. Neb. Nov. 15, 2021); *Boger v. Kijakazi*, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021).

Nevertheless, many of these decisions were issued after the parties' briefing in this case was complete. As such, the Court will presume counsel made such a lengthy separation of powers argument in good faith and without the knowledge that courts would find it entirely unavailing. Of course, going forward, the Court is very unlikely to award fees for time spent briefing the issue.

Accordingly, **IT IS ORDERED** that Plaintiff's objection is **SUSTAINED** (Doc. 39); the R&R (Doc. 38) is **ADOPTED IN PART AND DENIED IN PART**; and Plaintiff's Motion for Attorney's Fees (Doc. 35) is **GRANTED**.

Plaintiff is awarded fees and costs in the total amount of $8,596.80, which should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**IT IS SO ORDERED** on this ___9th___ day of December, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE